UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sharman Snow,
    Claimant

    v.                                    Case No. 10-cv-609-SM
                                          Opinion No. 2011 DNH 161
Michael J. Astrue, Commissioner,
Social Security Administration,
    Respondent


**O R D E R**


Pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), Claimant, Sharman Snow, moves to reverse the Commissioner's decision denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423.  The Commissioner objects and moves for an order affirming his decision.


**Factual Background**

I.  Procedural History

On June 17, 2008, claimant filed an application for social security disability insurance benefits ("DIB benefits") as well as supplemental security income benefits ("SSI benefits"), alleging that she had been unable to work since June 1, 2007. She asserts eligibility for benefits based on disabilities due to depression, a skin disorder, and osteoporosis.  Her SSI application was denied due to excess resources.  Her DIB

application was denied, and she requested an administrative hearing before an Administrative Law Judge ("ALJ").

On June 28, 2010, claimant (who was then 58 years old), her attorney, and an impartial vocational expert appeared before an ALJ.  On July 29, 2010, the ALJ issued his written decision, concluding that claimant was not disabled.  Claimant was thus ineligible for DIB benefits.  The Decision Review Board selected the ALJ's decision for review, but did not complete its review within the time allowed.  Accordingly, the ALJ's decision became the final decision of the Commissioner, subject to judicial review.

Claimant then filed a timely action in this court, appealing the denial of DIB benefits.  Now pending are claimant's "Motion for Order Reversing Decision of the Commissioner" (document no. 9) and the Commissioner's "Motion for Order Affirming the Decision of the Commissioner" (document no. 11).

II.  Stipulated Facts

Pursuant to Local Rule 9.1(d), the parties submitted a Joint Statement of Material Facts which is part of the court record (document no. 14).  The facts included in that statement will be referred to as appropriate.

**Standard of Review**

I. <u>Properly Supported Findings by the ALJ are Entitled to Deference</u>

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings of the Commissioner are conclusive if supported by substantial evidence.[1] <u>See</u> 42 U.S.C. §§ 405(g); <u>Irlanda Ortiz v. Secretary of Health & Human Services</u>, 955 F.2d 765, 769 (1st Cir. 1991). Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position. <u>See</u> <u>Tsarelka v. Secretary of Health & Human Services</u>, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."). <u>See also</u> <u>Rodriguez v. Secretary of Health & Human Services</u>, 647 F.2d 218, 222 (1st Cir. 1981) ("We must uphold the [Commissioner's]

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. <u>Consolo v. Federal Maritime Comm'n.</u>, 383 U.S. 607, 620 (1966).

findings in this case if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence. See <u>Burgos Lopez v. Secretary of Health & Human Services</u>, 747 F.2d 37, 40 (1st Cir. 1984) (citing <u>Sitar v. Schweiker</u>, 671 F.2d 19, 22 (1st Cir. 1982)). It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts." <u>Irlanda Ortiz</u>, 955 F.2d at 769 (citation omitted). Accordingly, the court will give deference to the ALJ's credibility determinations, particularly when those determinations are supported by specific findings. See <u>Frustaglia v. Secretary of Health & Human Services</u>, 829 F.2d 192, 195 (1st Cir. 1987) (citing <u>Da Rosa v. Secretary of Health & Human Services</u>, 803 F.2d 24, 26 (1st Cir. 1986)).

II. <u>The Parties' Respective Burdens</u>

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected

to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act places a heavy initial burden on claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, claimant must prove that her impairment prevents her from performing her former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982)). Nevertheless, claimant is not required to establish a doubt-free claim. The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence." See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

If claimant demonstrates an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform. See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982). See also 20 C.F.R. §§ 404.1512(g). If the Commissioner shows the existence of other jobs that claimant can perform, then the overall burden to demonstrate disability remains with claimant. See Hernandez v.

Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) claimant's subjective claims of pain and disability, as supported by the testimony of claimant or other witnesses; and (3) claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6. When determining whether a claimant is disabled, the ALJ is also required to make the following five inquiries:

   (1)  whether claimant is engaged in substantial gainful
        activity;

   (2)  whether claimant has a severe impairment;

   (3)  whether the impairment meets or equals a listed
        impairment;

   (4)  whether the impairment prevents claimant from
        performing past relevant work; and

   (5)  whether the impairment prevents claimant from
        doing any other work.

20 C.F.R. § 404.1520. Ultimately, a claimant is disabled only if his:

   physical or mental impairment or impairments are of
   such severity that he is not only unable to do his
   previous work but cannot, considering his age,

6

>     education, and work experience, engage in any other
>     kind of substantial gainful work which exists in the
>     national economy, regardless of whether such work
>     exists in the immediate area in which he lives, or
>     whether a specific job vacancy exists for him, or
>     whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm his decision.

## Discussion

I. <u>Background - The ALJ's Findings</u>

The ALJ concluded that claimant was not disabled from June 1, 2007, through the date of his decision. In reaching his decision, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520. He first determined that claimant had not been engaged in substantial gainful employment since her alleged onset of disability. Next, he concluded that claimant has the severe impairments of "major depressive disorder and acne." Administrative Record ("Admin. Rec.") 17. Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or equal

one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. Admin. Rec. 18.

Next, the ALJ concluded that claimant retained the residual functional capacity to perform a "full range of work at all exertional levels," with no substantial non-exertional limitations. Admin. Rec. 19. The ALJ concluded, therefore, that claimant "is capable of performing past relevant work as a receptionist." Admin. Rec. 22. In addition, he found that "there are other jobs existing in the national economy that [claimant] is also able to perform," such as marker, private sector mail clerk, and assembler. Admin. Rec. 23.

Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act. Admin. Rec. 24. Claimant, therefore, was deemed ineligible for benefits.

II. <u>Dr. Ciocca's Findings Relating to Amotivation, Fatigue, and Response to Job Stressors</u>

Claimant premises several of her arguments on the fact that the ALJ did not include in his hypothetical to the VE, nor in his RFC finding, all of the limitations found by the consultative examining psychologist, Dr. Mark J. Ciocca – despite having given "great weight" to the doctor's opinion. Admin. Rec. 21. To the extent claimant argues that the ALJ committed legal error in

failing to adequately address Dr. Ciocca's finding regarding claimant's negative response to job stressors, she is correct.

Dr. Ciocca, who evaluated claimant in the context of a comprehensive psychological profile, concluded — in the section of his report titled "Current Level of Functioning" — that claimant "showed good memory and concentration," but that her "amotivation and fatigue" made completing tasks difficult. Admin. Rec. 21; 230. The ALJ did not mention anywhere in his decision Dr. Ciocca's further finding — also contained in the section describing claimant's current level of functioning — that claimant "has responded <u>to job stressors</u> with panic and anxiety, and ultimately with increased depressive symptoms."[2] Admin. Rec. 231 (emphasis added). In making his RFC finding, the ALJ also gave "great weight" to the opinion of the state agency psychological examiner, Dr. Patricia Salt. Admin. Rec. 22. In her "Functional Capacity Assessment," Dr. Salt articulated a set of capabilities and limitations. Admin. Rec. 256. Although Dr. Salt expressly relied on Dr. Ciocca's opinion, she did not mention the limitations relating to amotivation, fatigue, and response to job stressors that Dr. Ciocca identified. See Admin. Rec. 256.

---

[2] The ALJ does mention, generally, that he considered claimant's "panic disorder." Admin. Rec. 21.

The ALJ patterned his first hypothetical question to the VE on Dr. Salt's functional capacity assessment and based his RFC finding on the VE's response to that hypothetical. The additional limitations identified by Dr. Ciocca — amotivation, fatigue, and negative response to job stressors — therefore, did not appear in the ALJ's RFC finding.

It is sufficiently clear from the ALJ's decision why he did not include Dr. Ciocca's findings about claimant's amotivation and fatigue in his RFC finding. He implicitly, though clearly, thought Dr. Ciocca's findings with respect to those limitations were not entirely credible. The ALJ not only stated that his RFC determination took those alleged limitations into account, but he went on to explain that claimant's allegations of amotivation and fatigue were not supported by evidence of claimant's daily activities: "car[ing] for her animals [and] . . . perform[ing] household chores." Admin. Rec. 21.

In contrast, the ALJ did not explain his consideration and treatment of Dr. Ciocca's finding regarding claimant's responses to job stressors; he did not mention that limitation at all. He may have, and was generally entitled to, given "great weight" to most of Dr. Ciocca's findings but lesser or no weight to that particular finding. See Kenerson v. Astrue, No. 10-cv-161-SM,

2011 WL 1981609, at *5, n.7 (D.N.H. May 20, 2011). If that is what he did, it is not at all apparent from the decision. "[A]lthough an ALJ need not adopt all or any part of a particular provider's report, he must state his reasons for adopting only a portion of it." Id. (citing Rawson v. Astrue, Civil No. 09-469-BW, 2010 WL 2923902, at *2 (D. Me. July 19, 2010)). An explanation is needed because, without it, this court cannot meaningfully review the ALJ's decision. See Kenerson, 2011 WL 1981609, at *6 (the absence of an explanation precludes meaningful review; it is "'impossible to determine whether'" the medical opinion was "'considered and implicitly discredited or instead was simply overlooked' . . . .") (quoting Lord v. Apfel, 114 F. Supp. 2d 3, 14 (D.N.H. 2000) (Barbadoro, J.)). See also Barton v. Astrue, 495 F. Supp. 2d 504, 509 (D. MD. 2007) ("[D]ue to the ALJ's failure to . . . provide an explanation of why some, but not all, of the limitations found [in the Psychiatric Review Technique Form] were adopted by him, the undersigned is not able to determine whether this evidence was properly evaluated.").

Moreover, by offering a broad endorsement of Dr. Ciocca's report while at the same time failing to discuss his finding regarding job stressors, the ALJ also contravened his separate duty to address inconsistencies or ambiguities in the record. When determining a claimant's RFC, the ALJ must "explain how any

material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Social Security Ruling, 96-8p, Policy Interpretation Ruling <u>Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims</u>, 1996 WL 374184 at *7 (July 2, 1996). Dr. Ciocca's opinion regarding claimant's response to job stressors is arguably inconsistent with Dr. Salt's opinion (which does not mention that limitation), or, at a minimum, the record is ambiguous because two professional opinions — both of which were accorded "great weight" — are either at odds on an important issue, or are in agreement and so inconsistent with the findings based upon those opinions.

Importantly, it is clear from the VE's testimony that the ambiguity or inconsistency is "material", that is, its resolution could "reasonably" be expected to affect the outcome of the final determination. <u>Poland v. Halter</u>, No. Civ. 00-350-B, 2001 WL 920038 at * 10 (D.N.H. 2001). Claimant's attorney posed a hypothetical question to the VE which incorporated Dr. Ciocca's finding that claimant responded to job stressors with panic, anxiety, and an increase in depressive symptoms. Admin. Rec. 48. The VE responded that such a limitation would impair claimant's ability to do her past relevant work. Admin. Rec. 48. And, although the VE was not asked whether the limitation would also

12

erode the occupational base for other work, her testimony is sufficient to raise a serious doubt in that regard.  Dr. Ciocca's finding is, therefore, material, and the ALJ's failure to explain how he considered that finding or how he resolved its apparent inconsistency with Dr. Salt's opinion was legal error.

In sum, the court finds that the ALJ erred, as a matter of law, by failing to provide an explanation for the lesser weight he accorded Dr. Ciocca's opinion regarding claimant's response to job stressors, or, by failing to explain how he considered and resolved the material inconsistency or ambiguity in the record.  Claimant is entitled to remand on that basis.  See Seavey v. Barnhart, 276 F.3d 1, 10, 12 (1st Cir. 2001) (remand to allow ALJ to correct errors is warranted where ALJ has "ignored relevant and material evidence," or "has provided an insufficient explanation" of his decision.)  There is no need, therefore, to consider claimant's remaining arguments.

## Conclusion

Claimant's motion to reverse the decision of the Commissioner (document no. 9) is granted.  The Commissioner's motion to affirm his decision (document no. 11) is denied.  This case is remanded for further proceedings.  Because remand is pursuant to sentence four of 42 U.S.C. § 405(g), the Clerk of

Court is instructed to enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 12, 2011

cc: Raymond J. Kelly, Esq.
    Robert J. Rabuck, AUSA